## PEARSALL v. UNITED STATES.
### No. J–35.

Court of Claims.
May 4, 1931.

Jesse I. Miller, of Washington, D. C., for plaintiff.

Lisle A. Smith, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

In this case it appears that on March 25, 1912, plaintiff entered into a contract with the Burden Iron Company whereby that corporation, effective January 15, 1913, gave to plaintiff the exclusive selling agency for certain of its products for a term of three years with certain provisions for extension of the contract; that the contract was subsequently extended.

In the latter part of 1912 or early in January, 1913, plaintiff organized the Burden Sales Company, a corporation, and transferred his contract with the Burden Iron Company to the Burden Sales Company in exchange for the entire capital stock of $5,-

000, par value, of the latter company. The sale and transfer of the contract to the Burden Sales Company was prior to January 15, 1913. On the last-mentioned date the Burden Sales Company began business and continued until on or after September 12, 1918, at which time it transferred the Burden Iron Company contract to the plaintiff in exchange for its entire capital stock. Whereupon plaintiff transferred and sold the contract to the Burden Iron Company for $77,000.

The Commissioner of Internal Revenue taxed the plaintiff for the year 1918 upon a gain representing the difference between the value which he determined the Burden Iron Company contract had on March 1, 1913, and the amount of $77,000 which the Burden Iron Company paid the plaintiff for the contract on September 12, 1918.

Plaintiff instituted this suit to recover $31,779.16 on the ground that the March 1, 1913, value of the contract was $75,000, and, further, that 40 per cent. of the amount received for the contract from the Burden Iron Company belonged to and was paid to three others in the amounts of $15,400, $7,-700, and $7,700, respectively, and constituted a proper deduction from the total amount received from the Burden Iron Company in determining the profit derived by the plaintiff.

The Commissioner of Internal Revenue made his determination upon an erroneous basis, and the plaintiff in this suit likewise proceeds upon an erroneous basis. There is no way for the court to determine from the record whether or not plaintiff realized a taxable gain in 1918 upon the sale of the contract to the Burden Iron Company for $77,-000. The value of the contract on March 1, 1913, does not, under the law, enter into the gain derived by the plaintiff in 1918. He did not own the contract on March 1, 1913, nor at any time thereafter until September 12, 1918. Prior to January 15, 1913, plaintiff had sold and transferred the contract to the Burden Sales Company, Inc., a corporation, in exchange for its entire capital stock of the par value of $5,000. The corporation was therefore the owner of the contract on March 1, 1913. From January, 1913, to September 12, 1918, the contract was an asset of the corporation which entered into its invested capital. If the plaintiff realized a taxable gain in 1918, it was measured by the difference between the cost to him on September 12, 1918, of the contract transferred to him by the Burden Sales Company and the price at which he sold it to the Burden Iron Company on the same date. The record does not contain any evidence of such cost.

The case is referred to a commissioner of this court with leave to both parties to submit proof as to the gain, if any, derived by the plaintiff upon the sale of the contract on September 12, 1918, to the Burden Iron Company measured by the difference between the cost of the contract acquired on that date from the Burden Sales Company and the price received from the Burden Iron Company.